UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARAM AKBARZADEH, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KIRT THOMPSON, in his official ) <br> capacity as Director, U.S. Citizenship ) <br> and Immigration Services, Texas ) <br> Service Center, ) <br> ) <br> and ) <br> ) <br> MERRICK GARLAND, in his official ) <br> capacity as Acting Attorney General ) <br> of the United States, ) <br> ) <br> and ) <br> ) <br> ALEJANDRO MAYORKAS, in his ) <br> official capacity as Secretary, U.S. ) <br> Department of Homeland Security, ) <br> ) <br> and ) <br> ) <br> UR MENDOZA JADDOU, in her ) <br> official capacity as Director, U.S. ) <br> Citizenship and Immigration Services, ) <br> ) <br> Defendants. ) | COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF <br><br> CIVIL ACTION NO. <br><br> AGENCY CASE NUMBER: SRC-18-905-27738 <br><br><br> REQUEST FOR ORAL ARGUMENT |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Aram Akbarzadeh ("Plaintiff" or "Ms. Akbarzadeh"), through her undersigned counsel, alleges as follows:

**I. PRELIMINARY STATEMENT**

1.  Plaintiff is an extraordinary Medical Scientist specializing in the fields of tissue engineering, stem cell research, and regenerative medicine. At the time of filing her EB-1A

Complaint for Declaratory and Injunctive Relief

petition, Ms. Akbarzadeh held a Master of Science degree in Plant Physiology from the Islamic Azad University in Iran. Ms. Akbarzadeh is currently completing her Ph.D. at Tehran University of Medical Sciences, focusing her thesis on "Tissue Engineering of Ovine Heart by GFP-Positive Rat Cardiac Cells Seeding on the Acellular Myocardial Flap Using Special Design Bioreactors."

2. In her self-sponsored I-140 EB-1A Immigrant Petition for Alien Worker of Extraordinary Ability ("I-140 EB-1A petition"), Ms. Akbarzadeh provided evidence that she qualified for an EB-1A classification by meeting three (3) of the ten (10) criteria found at 8 C.F.R. § 204.5(h)(3), specifically the following:

    a. Associational Membership – 8 C.F.R. § 204.5(h)(3)(ii);

    b. Judging the work of others in her field - 8 C.F.R. § 204.5(h)(3)(iv); and

    c. Scholarly articles in professional publications - 8 C.F.R. § 204.5(h)(3)(vi).

*See generally*, Exhibit A, p. 1-47, and Exhibit B, Response to Request for Evidence, p. 1-74. Ms. Akbarzadeh submitted evidence of her qualification under a fourth criteria (original scientific contributions of major significance in the field – 8 C.F.R. § 204.5(h)(3)(v)) with her RFE response, *infra*.

3. Ms. Akbarzadeh's evidence included proof that she was a member of the National Council for Development of Stem Cell Sciences and Technology ("National Committee"), which is by invitation only, based on expertise and reputation of each candidate. *See*, Exhibit A, p 1-2.

4. In addition, evidence was provided to Defendant U.S. Citizenship and Immigration Services ("USCIS") showing that Ms. Akbarzadeh has been invited to judge the work of her peers in her field through participation in the Lung and Heart Committee at the National Committee. *See*, Exhibit B, p. 7.

Complaint for Declaratory and Injunctive Relief

5. Lastly, Ms. Akbarzadeh provided Defendant USCIS with evidence showing that her original scientific, scholarly research has been of major significance in her field, leading to over two hundred (200) research citations, including in *Scientific Reports* and *Analytical Chemistry*. *See*, Exhibit B, p. 8-12.

6. Defendant USCIS receipted Plaintiff's I-140 petition (and her concurrently filed Form I-485 Application to Adjust Status) and issued a Request for Evidence ("RFE"). In this RFE, Defendant USCIS conceded that Ms. Akbarzadeh met one of the three claimed criteria (authorship of scholarly articles in the field, in professional journals, or other major media), but disputed that she met her two other claimed criteria. *See*, Exhibits C, I-140 Receipt Notice, Exhibit D, I-485 Receipt Notice, and Exhibit E, RFE.

7. After receipt of the extensive RFE response filed by Ms. Akbarzadeh, which included addition of one more criterion regarding significant contribution of major significance in her field of expertise, supported by six (6) testimonial letters from experts 8 C.F.R. § 204.5(h)(3)(v), and further documentation regarding Ms. Akbarzadeh's association membership 8 C.F.R. § 204.5(h)(3)(ii), and judging 8 C.F.R. § 204.5(h)(3)(iv) criteria, Defendant USCIS issued a Decision denying her I-140 petition, concluding that she only met one of her four claimed criteria under 8 C.F.R. §204.5(h)(3). *See*, Exhibits B and F, Decision.

8. The Decision **failed to discuss the criterion** regarding Ms. Akbarzadeh's original, scientific contribution of major significance in her field. It also did not consider the newly submitted documents for judging and association membership criteria. *See*, Ex. F, p.2-5.

9. This action is brought against the Defendants for declaratory judgment, injunctive relief, and review of an agency action under the Administrative Procedure Act ("APA") based on Defendants' unlawful, arbitrary, and *ultra vires* denial of Plaintiff's I-140 EB-1A petition, which

Complaint for Declaratory and Injunctive Relief

sought to classify her as "an alien with extraordinary ability" in the fields of tissue engineering, stem cell research, and regenerative medicine.

## II. STATEMENT OF FACTS

10. Plaintiff filed her I-140 EB-1A petition with USCIS seeking for herself an immigrant visa under the employment-based first preference category ("EB-1A") of the Immigration and Nationality Act ("INA"). Satisfying at least three of ten "qualifying criteria" found in 8 C.F.R. §204.5(h)(3) is a basis for classification. Three of the ten qualifying criteria are:

   a. Membership in associations in the field for which classification is sought, which require outstanding achievements of their members, as judged by recognized national or international experts in their disciplines or fields;

   b. evidence of participation, either individually or on a panel, as a judge of the work of others in the same or allied field of specialization for which classification is sought; and

   c. Original, scientific, artistic, athletic, or business-related contributions of major significance in the field (this last criterion was asserted in Plaintiff's RFE response for the first time).

*See*, Exhibit E, p. 2-4

11. The submission of an I-140 Petition for Immigrant Worker, EB-1 classification, pursuant to INA §203(b)(i)(A) provides for the immigration of aliens with extraordinary ability in the sciences, arts, education, business, or athletics. As an alien of extraordinary ability in the arts, Dr. Akbarzadeh may self-petition, pursuant to 8 CFR §204.5(h).

Complaint for Declaratory and Injunctive Relief

12. Plaintiff filed her I-140 EB-1 petition with Defendant USCIS' Texas Service Center on June 25, 2018. *See,* Exhibit C. Amongst the approximately eighty (80) pages of printed evidence submitted, Plaintiff included evidence of her membership in associations requiring outstanding achievements and of judging the work of others, pursuant to 8 C.F.R. § 204.5(h)(3)(ii) and (iv), as follows:

   a. Letter from Professor Amir Ali Hamidieh, M.D., Chairman of the National Council for Development of Stem Cell Sciences and Technology in Iran ("National Council");

   b. Letter from Professor Abdol-Mohammad Kajbafzadeh, former Chair of the Committee of Stem Cell Sciences in Urology and Nephrology at the National Council; and

   c. Letter from Plaintiff explaining that through her work on the Lung and Hearth committee, she evaluated the scientific merits of nine (9) proposals in her field of expertise and provided her recommendations regarding the importance of these research proposals.

*See*, Exhibit A, p. 6 - 47.

13. In response Defendant USCIS issued a Request for Evidence ("RFE") on April 21, 2020. *See generally,* Exhibit E. In its RFE, Defendant USCIS conceded that Plaintiff satisfied one of the possible ten criteria under 8 C.F.R. §204.5(h)(3), namely:

   a. Authorship of scholarly articles in the field, in professional or major trade publications or other major media.

*See*, Exhibit E, p. 4.

14. The RFE stated, *inter alia*:

> The plain language of this criterion requires evidence (1) of membership in associations, (2) that the associations are in the

Complaint for Declaratory and Injunctive Relief

> beneficiary's field, (3) that the associations require outstanding achievements of their members, and (4) that membership eligibility is judged by recognized national or international experts in their field.
>
> As such, the submitted evidence does no (sic) meet this criterion.
>
> The evidence submitted only demonstrates that the petitioner is a member of the associations. (sic) There is no ***objective evidence*** to ascertain whether the association requires outstanding achievement of its members, that outstanding achievements are judged by recognized national or international experts, and that the association [is] in the field for which classification is sought. Without objective documentary evidence about the associations, the petitioner impedes USCIS in determining whether the petitioner's membership with the associations satisfy all of the elements within this criterion.

*Id.*, p. 3 (emphasis added). In making this unsubstantiated statement, Defendant USCIS and the individual adjudicator assigned to decide this case demonstrate their bias against Plaintiff's evidence and their clear intention to ignore the evidence in the record of Plaintiff's membership in the National Council and her work judging research grant proposals submitted within her field of expertise. Exhibits A and B, p. 1-74.

15. While Defendant USCIS cannot dictate the precise form of evidence required for a petition's approval (specifically "objective documentary evidence"), the agency appears to have failed to consider the following expert letters that Ms. Akbarzadeh submitted in support of her EB-1A I-140 petition:

   a. Letters from Professor Amir Ali Hamidieh to the members of the Lung and Heart Committee of the National Council (noting that one of Plaintiff's duties as a committee member was to evaluate "research proposals submitted to the National Council…" as part of the National Council's grant review process) (August 16, 2016, November 6, 2016, and December 27, 2016);

Complaint for Declaratory and Injunctive Relief

b. Dr. David Elmaleh, Associate Professor, Harvard University, Chairman & CEO, Atroo, Inc., Boston, MA (September 9, 2020);

c. Dr. Anthony Atala, M.D., Professor, Urology and Director, Institute for Regenerative Medicine, Wake Forest School of Medicine, Wake Forest University, Winston-Salem, North Carolina (August 19, 2019);

d. Dr. Abdol-Mohammad Kajbafzadeh, M.D., Professor of Pediatric Urology, Director, Pediatric Urology and Regenerative Medicine Research Center, Head, Department of Pediatric Urology, Children's Hospital Medical Center, Tehran University of Medical Sciences (September 12, 2020);

e. Dr. Ali Tamayol, Ph.D., Associate Professor, University of Connecticut. School of Dental Medicine, Department of Biomedical Engineering, Farmington, Connecticut (September 14, 2020); and

f. Dr. Nasim Annabi, Ph.D., Tannas Fellow and Assistant Professor of Chemical and Biomedical Engineering, University of California, Los Angeles (September 10, 2020);

g. Letter from Professor Amir Ali Hamidieh, M.D., explaining the membership criteria for the invitation-only Lung and Heart Committee for the National Council for Development of Stem Cell Sciences and Technology (June 18, 2018); and

h. Letter from Plaintiff explaining her duties as a member of the Lung and Heart Committee for the National Council for Development of Stem Cell Sciences and Technology in Iran (September 14, 2020).

*See*, Ex. A, p. 6-47 and Ex. B, p. 16-55.

Complaint for Declaratory and Injunctive Relief

16. In an example of objective, documentary evidence that USCIS either ignored or did not review, Dr. Hamidieh's expert letter provides evidence regarding Plaintiff's membership in an association requiring outstanding achievement as follows:

> [Lung and Heart Committee - National Council] membership is by invitation only, and members are invited based on their expertise in the subject matter of the committee, and their national reputation in the field. [Ms. Akbarzadeh] was invited to the Committee **due to her outstanding research and publications in tissue engineering and organ transplant**, related to heart and lung.

*See*, Ex. A, p. 6 (emphasis in bold added). Clearly, Dr. Hamidieh shared his expert opinion about how and why Ms. Akbarzadeh's invitation to join the Lung and Heart Committee was based on her "outstanding research and publications in tissue engineering and organ transplant [science]…" What is unclear is whether or not Defendant USCIS really considered this evidence as part of its adjudication of Plaintiff's I-140 petition. *See generally*, Exhibits E and F.

17. In another example of overlooked evidence, Dr. Abdol-Mohammad Kajbafzadeh writes:

> Ms. Akbarzadeh is a researcher of impressive breadth who has conducted research that is considered break-through in multiple research areas of tissue engineering. This is supported as well by the fact that she was invited to be a member of the Lung and Heart Committee for the National Council for Development of Stem Cell Sciences and Technology in Iran ("National Council"), **the highest level national scientific professional association in this field**… Membership is by invitation only, and **members are invited based on their break-through scientific findings**, and their national and international reputation in their field of expertise. Such talents are **judged by at least two experts: Chairman of the National Council, as well as Chairman of the respective committee.** I am aware of this process, because since 2004, I have been Chairman of the Committee of Stem Cell Sciences in Urology and Nephrology at the Council…

*See*, Exhibit A, p.31 (emphasis in bold added).

Complaint for Declaratory and Injunctive Relief

18. Dr. Kajbafzadeh goes on to explain how Ms. Akbarzadeh's work on the Lung and Heart Committee involved judging the work of peers in her field of science, writing:

> Committee members perform two main functions: **evaluation of research proposals in their respective fields** and **making their recommendations to the Council** for funding of the proposal, as well as sharing their own research findings with other committee members.
>
> For [the] **evaluation process**, committee members are invited to meetings where they receive the proposals…**[E]valuations are done by individual members** on evaluation sheets that are collected at the end of each meeting and are not shared with other members. **Members evaluate scientific merits of the proposals, assess possibility of success of the proposed research, and make their own recommendations based on their judgment on significance and applications of the proposed research**…
>
> …Please note that in Iran, Vice-Presidency for Science and Technology (under which National Council operates) is equivalent to National Science Foundation ("NSF") in the U.S. and even more crucial than NSF for research funding, because it is the main, if not the only, source of funding in medical sciences in Iran. As such, Committee membership is very prestigious and only a handful of highly qualified researchers are able to join the Council. The fact that Ms. Akbarzadeh was a member of Lung and Heart Committee of the National Council is a clear evidence of her national reputation and extraordinary abilities in her [field] of expertise.

*See*, Ex. A, p. 31-32 (emphasis in bold added).

19. Dr. Hamidieh also explains the responsibilities for members of the Lung and Heart Committee, when he wrote:

> As a Committee member, [Plaintiff's] main duties included:
>
> - **Evaluating research proposals submitted to the Committee by other researchers in her field of expertise**; and
> - Consulting with other Committee members and making recommendations to the National Council about potential of success of the submitted proposals, so that the National Council could make its decision about approval or denial of the requested grants.

Complaint for Declaratory and Injunctive Relief

*See,* Exhibit B, p. 44 (emphasis in bold added).

20. USCIS denied Plaintiff's EB-1A I-140 petition on November 13, 2020. The USCIS denial **contains no discussion whatsoever of Plaintiff's evidence submitted under criteria #5** (original scientific contributions of major significance in the field – 8 C.F.R. § 204.5(h)(3)(v)). It appears that Defendant USCIS **gave no consideration to the evidence** submitted in response to the agency's RFE. *See*, Exhibits E and F, p. 2-5.

21. The USCIS denial contains between four (4) and six (6) paragraphs that include some discussion of the evidence submitted in support of criteria #2 (membership in associations), but include no citations to legal authority for the agency's position that it can ignore or improperly discount evidence in the record. *See*, Exhibit F, p. 3-4. Defendant USCIS merely lists its reasons for dissatisfaction with Plaintiff's evidence, and then cites to an agency precedent decision (*Matter of E-M-*, 20 I&N Dec. 77 (Comm. 1989) seemingly for the proposition that since it is the final authority on the alien's eligibility, that it somehow justifies the excuse-making included as the agency's "analysis." Defendant USCIS also repeats its false statement that, "While the evidence provided establishes the beneficiary is a member of an association, no objective (sic) was provided to support the beneficiary's membership was based on the achievement of the members, as judged by recognized national (sic) international experts in her discipline or field as requested (sic) the RFE. *See*, Exhibit F, p.4-5.

22. The USCIS denial similarly only contains between four (4) and six (6) short paragraphs that include very little discussion of criteria #4 (judging the work of peers), but include no citations to legal authority for the agency's position that it can ignore or improperly discount evidence in the record. *See*, Exhibit F, p. 4. The Denial includes the incorrect, unfounded stated that:

Complaint for Declaratory and Injunctive Relief

> While the evidence provided establishes the (sic) was invited to judge the work of others, the letter from the beneficiary stating that she judged the work is insufficient in establishing she officially judged the work of other. (sic) No objective evidence was provided to support the beneficiary participated as judge of the work of others in the same field or allied field as requested the the (sic) RFE.

This incredible misstatement of the evidence in the record ignores the fact that both Dr. Amir Hamidieh and Dr. Abdol-Mohammad Kajbafzadeh wrote about Plaintiff judging the work of others in her field in their letters. *See*, Exhibits A (p. 6), B (p.31 and 44-53), and F (p. 4).

### III.   JURISDICTION

23.   This Honorable Court has subject matter jurisdiction over the claims alleged in this action under (1) 28 U.S.C. § 1331 (federal question jurisdiction), because Plaintiff's claims arise under the laws of the United States, including 5 U.S.C. §§ 555 and 701, *et seq.* ("APA"), 8 U.S.C. § 1101, *et seq.* ("INA") (including 8 U.S.C. § 1182). This court may grant relief in this action under 5 U.S.C. §§ 553, *et seq.*, and §§ 701, *et seq.*; and 28 U.S.C. §§ 2201, *et seq.* (Declaratory Judgment Act).

24.   This Honorable Court is not deprived of jurisdiction by 8 U.S.C. § 1252, INA § 242. *See, e.g., Zadvydas v. Davis,* 533 U.S. 678, 688 (2001) (finding that INA § 242 does not bar a claim challenging agency authority that does not implicate discretion). Generally, a narrower construction of the jurisdiction-stripping provision is favored over the broader one, as reflected by the "familiar principle of statutory construction: the presumption favoring judicial review of administrative action." *Kucana v. Holder,* 130 U.S. 827, 839 (2010). Absent "clear and convincing evidence" of congressional intent specifically to eliminate review of certain administrative actions, the above-cited principles of statutory construction support a narrow reading of the jurisdiction-stripping language of 8 U.S.C. § 1252(a)(2)(B)(ii). *Id.,* at 839. *See*

Complaint for Declaratory and Injunctive Relief

*also, Geneme v. Holder,* 935 F.Supp.2d 184, 192 (D.D.C. 2013) (discussing *Kucana's* citation to a presumption favoring judicial review of administrative action when a statute does not specify discretion.)

25. 8 U.S.C. § 1252(a)(5), INA § 242(a)(5), provides that "a petition for review filed with an appropriate court of appeals in accordance with this section, shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act[.]" As this is not an action to review a removal order but an action challenging decisions by Defendants to deny Plaintiff's EB-1A I-140 petition, which decision was arbitrary, capricious, and contrary to law and settled agency practice, this Court retains original jurisdiction under the APA and 28 U.S.C. § 1331, as well as for declaratory relief under 28 U.S.C. § 2201.

## IV. VENUE

26. Venue is properly with this Court, pursuant to 28 U.S.C. § 1391(e)(1)(C), because Plaintiff resides in this judicial district, and because no real property is involved in this matter.

## V. PARTIES

27. Plaintiff is an extraordinary scientist, researcher, and author. Based on her accomplishments, more fully outlined in her I-140 EB-1A petition, Plaintiff filed her I-140 EB-1A petition on June 25, 2018 with the Texas Service Center of USCIS. *See* Ex. C.

28. Kirt Thompson is the Director of the Texas Service Center of the USCIS, who is named herein only is his official capacity, as well as his successors and assigns. He is charged with overseeing the operations of the TSC, which include adjudication of I-140 EB-1A petitions processed there. He is further authorized to delegate certain powers and authority to subordinate employees of the USCIS. Defendant Thompson works at the TSC, in Irving, Texas.

Complaint for Declaratory and Injunctive Relief

29. Alejandro Mayorkas is the Secretary of the DHS and this action is brought against him in his official capacity only, as well as his successors and assigns. He is charged with overseeing the DHS, which includes sub-agency USCIS, and with implementing the INA. He is further authorized to delegate certain powers and authority to subordinate employees of the USCIS. DHS is headquartered at 245 Murray Lane, S.W., Washington, DC 20598.

30. Merrick Garland is the Attorney General of the United States and this action is brought against him in his official capacity only, as well as his successors and assigns. He is charged with certain functions involved in the implementation of the INA, and is further authorized to delegate such powers and authority to subordinate employees of the Federal Bureau of Investigation ("FBI"), which is an agency within the U.S. Department of Justice. The DOJ is headquartered at 950 Pennsylvania Avenue, N.W., Washington, DC 20530.

31. Ur Mendoza Jaddou is the Director of USCIS, who is named herein only in her official capacity, as well as her successors and assigns. She is generally charged with the implementation of the INA, and is further authorized to delegate certain powers and authority to subordinate employees of USCIS. USCIS is specifically assigned the adjudication of I-140 EB-1 petitions. USCIS is headquartered at 5900 Capital Gateway Drive, #2040, Camp Springs, Maryland 20746.

## VI.     EXHAUSTION OF REMEDIES NOT REQUIRED

32. Plaintiff is not required to exhaust any administrative remedies before bringing this complaint. The denial of the I-140 EB-1A petition by defendant USCIS is a final agency action. There is no statutory or regulatory requirement to appeal to the agency in question. *See, Darby v. Cisneros,* 509 U.S. 137, 146-47, 153 (1993); *RCM Technologies, Inc. v. DHS,* 614 F.Supp.2d 39, 45 (D.D.C. 2009).

Complaint for Declaratory and Injunctive Relief

## VII.  CLAIMS FOR RELIEF

### Count I

**(APA Violation by DHS/USCIS of 5 U.S.C. § 701, *et seq.*)**

33. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

34. Pursuant to the APA, a person adversely affected by agency action in entitled to judicial review.  *See* 5 U.S.C. §702.

35. The APA requires this Court to hold unlawful and set aside any agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  *See,* 5 U.S.C. § 706(2)(A).

36. Defendant USCIS's decision to deny Plaintiff's EB-1 I-140 petition was illegal, improper, and is reviewable under 5 U.S.C. § 702.

37. As a result of defendant USCIS's illegal conduct, Plaintiff is "suffering [a] legal wrong because of agency action" and are "adversely affected or aggrieved by [the] agency action," and therefore are entitled to judicial review of the revocation under 5 U.S.C. § 702.

38. Defendants' decision to deny Plaintiff's I-140 petition despite the evidence in the record demonstrating that she met at least 3 of the 10 specified criteria, *supra*, is "arbitrary, capricious, an abuse of discretion, [and] otherwise not in accordance with law" and should be "held unlawful and set aside" under 5 U.S.C. § 706(2)(A) and (D).

### Count II

**(Injunctive Relief for Violation of the Administrative Procedure Act 5 U.S.C. § 705)**

39. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

Complaint for Declaratory and Injunctive Relief

40. Pursuant to 5 U.S.C. § 705, this Court may issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve the status or rights of a plaintiff or plaintiffs pending the conclusion of review proceedings (including preventing Defendant USCIS from issuing a denial of Plaintiff's pending I-485 application).

## VIII.  INJURIES TO PLAINTIFF

41. Defendants' wrongful denial of Plaintiff's EB-1A I-140 petition interferes with her ability to pursue her research in the United States and thereby causes her substantial professional, personal, and financial harm.

42. As a result of Defendants' arbitrary, capricious, *ultra vires*, and otherwise unlawful decision to deny her EB-1A I-140 petition, Plaintiff is unable to adjust her status to that of a lawful permanent resident of the United States and to accrue time toward qualifying for naturalization to be a U.S. citizen.  Plaintiff is unable to plan for her future, her research endeavors, and her living situation.

Complaint for Declaratory and Injunctive Relief

**RELIEF REQUESTED**

WHEREFORE, Plaintiff prays that this Honorable Court:

(1)   Declare that the denial of Plaintiff's EB-1A I-140 is *ultra vires*, erroneous as a matter of law, arbitrary and capricious, an abuse of discretion, and not otherwise in accordance with law, and violates due process;

(2)   Issue an order directing Defendants to reopen and approve Plaintiff's EB-1A I-140 petition;

(3)   Issue an order directing Defendants to complete processing of Plaintiff's EB-1A I-140 petition within a reasonable time set by this Court;

(4)   Issue an order directing Defendants to refrain from denying Plaintiff's I-485 application for adjustment of status until her EB-1A I-140 petition has been reopened and properly adjudicated;

(5)   Grant such other relief as this Court deems proper under the circumstances; and

(6)   Grant attorney's fees, expenses and costs of court to Plaintiff, pursuant to the EAJA.

Respectfully submitted on this 12th day of August 2021.

/s/Anthony Drago, Jr., Esquire_____
Anthony Drago, Esq. (BBO #552437)
Anthony Drago, Jr., P.C.
88 Broad Street, 5th Floor
Boston, MA 02110
Tel:   (617) 357-0400
E-mail: Anthony@adragopc.com

/s/Brian S. Green, Esquire_____
(Motion for *pro hac vice* forthcoming)
The Law Office of Brian Green
9609 S University Boulevard, #630084
Littleton, CO 80130
Tel:   (443) 799-4225
E-mail: BrianGreen@greenUSimmigration.com

Attorneys for Plaintiff

Complaint for Declaratory and Injunctive Relief